UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: HUDSON'S BAY COMPANY CUSTOMER
DATA SECURITY BREACH LITIGATION                MDL No. 2847


ORDER DENYING TRANSFER


**Before the Panel:**[*] Plaintiff in the *Vains* action pending in the Southern District of New York moves under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Southern District of New York.  The litigation consists of four actions, three in the Southern District of New York and one in the District of Delaware, as listed on Schedule A.  The Panel has been notified of five additional actions involving related issues.[1]

All responding plaintiffs support, or do not oppose,[2] centralization in either the Southern District of New York or the Middle District of Tennessee.  Responding defendants Hudson's Bay Company, Lord & Taylor LLC, Saks Fifth Avenue LLC, and Saks Incorporated support centralization in the Southern District of New York.

On the basis of the papers filed and the hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation.  There is no dispute that these cases share factual issues arising out of a data breach involving customer payment card data at Saks Fifth Avenue, Saks OFF 5TH, and Lord & Taylor stores in North America.  But, as we previously have stated, "centralization under Section 1407 should be the last solution after considered review of all other options."  *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011).  In particular, we repeatedly have noted that "where 'a reasonable prospect' exists that the resolution of a Section 1404 motion or motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to Section 1407 centralization.  *E.g., In re: 3M Co. Lava Ultimate Prods. Liab. Litig.*, 222 F. Supp. 3d 1347, 1347-48 (J.P.M.L. 2016) (citing *In re: Gerber Probiotic Prods. Mktg. and Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1379 (J.P.M.L. 2012)).

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter.  In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in those classes and have participated in this decision.

[1] Three of these five actions are pending in the Southern District of New York.

[2] Plaintiff in the Southern District of New York *Mekerdijian* action initially opposed centralization, but withdrew his opposition after his action was transferred from the Central District of California on defendants' opposed motion to transfer venue under 28 U.S.C. § 1404(a).

-2-

Such a prospect exists here. As mentioned, the *Mekerdijian* action already has been transferred to the Southern District of New York under Section 1404. A Section 1404 motion is pending in the District of Delaware action, and plaintiff in that action, who is a New York resident, supports centralization in either the Southern District of New York or the Middle District of Tennessee. And, although no Section 1404 motion has yet been filed in the Middle District of Tennessee action, those plaintiffs also are New York residents and support centralization in either the Southern District of New York or the Middle District of Tennessee.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Ellen Segal Huvelle         R. David Proctor
Catherine D. Perry

**IN RE: HUDSON'S BAY COMPANY CUSTOMER
DATA SECURITY BREACH LITIGATION**                    MDL No. 2847

## SCHEDULE A

<u>District of Delaware</u>

BEEKMAN v. LORD & TAYLOR, LLC, C.A. No. 1:18-00521

<u>Southern District of New York</u>

TAFET, ET AL. v. HUDSON'S BAY COMPANY, ET AL., C.A. No. 1:18-02980
VAINS v. HUDSONS'S BAY COMPANY, ET AL., C.A. No. 1:18-03366
MEKERDIJIAN v. SAKS FIFTH AVENUE LLC, ET AL., C.A. No. 1:18-05844